FILED

July 28, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:48 AM



# COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| Ken Dzielak<br>　　　　Employee,<br>v.<br><br>Nyrstar Tennessee Mines<br>　　　　Employer,<br>And<br><br>Commerce and Industry Insurance Co./ Chartis<br>　　　　Insurance Carrier/<br>　　　　Claims Mgt. | ) Docket No.: 2015-02-0087<br>)<br>) State File No.: 27613-2015<br>)<br>) Date of Injury: October 1, 2014<br>)<br>) Judge: Brian K. Addington<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## EXPEDITED HEARING ORDER

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge on July 16, 2015, upon the Request for Expedited Hearing filed by Ken Dzielak (Mr. Dzielak), the Employee, on July 6, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014), to determine if the Employer, Nyrstar Tennessee Mines (Nyrstar), is obligated to provide medical and temporary disability benefits. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Mr. Dzielak is entitled to a panel of physicians.

## ANALYSIS

### Issues

1. *Whether Mr. Dzielak sustained an injury that arose primarily out of and in the course and scope of employment.*
2. *Whether Mr. Dzielak's injury was idiopathic in nature.*
3. *Whether Mr. Dzielak suffered from a pre-existing condition that was aggravated by a work-related injury.*

1

4. *Whether Mr. Dzielak sustained an injury in the course of employment with Nyrstar.*
5. *Whether Mr. Dzielak was injured while engaged in a significant deviation from his work duties.*
6. *Whether Mr. Dzielak provided adequate notice to Nyrstar of an alleged injury during employment with Nyrstar.*
7. *Whether Nyrstar is obligated to pay for any past medical expenses and/or mileage expense.*
8. *Whether Mr. Dzielak is entitled to any additional medical care as recommended by a physician.*
9. *Whether Mr. Dzielak is entitled to any past or future temporary total disability benefits, and if so, in what amount.*
10. *Whether Mr. Dzielak is entitled to any past or future temporary partial disability benefits, and if so, in what amount.*[1]

## Evidence Submitted

The Parties filed the following written Stipulations:

1. Mr. Dzielak, was employed by Nyrstar TN Mines-Strawberry Plains from December 16, 2013, to May 8, 2015.
2. Mr. Dzielak has an average weekly wage of $810.44 and a workers' compensation rate of $540.56 if using a date of injury of October 1, 2014.
3. Mr. Dzielak held a position of Mill Maintenance Tech 3 throughout his employment.
4. Nyrstar is doing business in Knox and Jefferson Counties, but the Plaintiff worked in Jefferson County.
5. Nyrstar is a Jefferson County resident.
6. Mr. Dzielak is currently fifty-seven years old with a date of birth of November 8, 1958. He was fifty-six on October 1, 2014.
7. Mr. Dzielak has a high school diploma and also has a vocational degree.
8. Mr. Dzielak was terminated on May 8, 2015, due to exhaustion of all FMLA leave, PTO and other leave time, yet he is still physically unable to return to work.

The Court admitted into evidence the exhibits below:

1. Nyrstar handbook sections;
2. Nyrstar employee discipline form;
3. Patient information sheet;

---

[1] The parties reached an agreement to other issues originally listed on the Dispute Certification Notice (DCN).

4. Medical Records: Nurse Practitioner Michael Etter (NP Etter);
5. Medical Records: Dr. Kent Sauter (Dr. Sauter);
6. Drug test collection sheet;
7. Separation Notice;
8. Pre-Employment physical;
9. Nyrstar's First Report of Injury;
10. Affidavit: Mr. Dzielak;
11. Medical Records: Jefferson Memorial Hospital (Jefferson);
12. Medical Records: Dr. James Harrison (Dr. Harrison);
13. Medical Records: Dr. Harrison;
14. Medical Records: NP Etter;
15. Patient information sheet and medical dictation Dr. Harrison;
16. Facebook pictures of Mr. Dzielak;
17. Medical Records: Dr. Harrison;
18. Affidavit: Janie Wallace (Ms. Wallace);
19. Affidavit: Phil Sherod (Mr. Sherod);
20. Affidavit: Jeff Van Jahnke (Mr. Van Jahnke); and,
21. Affidavit: Mark Feehan (Mr. Feehan).

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), April 13, 2015
- Dispute Certification Notice (DCN), May 26, 2015
- Request for Expedited Hearing (REH), July 6, 2015.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

The following witnesses provided in-person testimony:

- Mr. Dzielak
- Human Relations Superintendent, Ms. Wallace
- Operations Supervisor, Mr. Van Jahnke
- Maintenance Superintendent, Mr. Feehan.

**History of Claim**

Mr. Dzielak is a fifty-seven year old resident of Jefferson County, Tennessee. Mr. Dzielak worked for Nyrstar, which requires a pre-employment physical. Mr. Dzielak acknowledged prior fractures to his lower back at L1, L2, and L3 during his pre-employment physical examination. (Ex. 8, p. 2.) Mr. Dzielak passed the physical, and

3

Nystar hired him to fill a Mill Maintenance Tech III position, which required lifting, turning, bending, and shoveling. (Ex. 10, pp. 1-2, and Ex. 15, p. 8.)

Mr. Dzielak suffered back pain for most of 2014. Mr. Dzielak's primary care provider is NP Etter. Mr. Dzielak informed NP Etter on January 22, 2015, that he suffered back pain for a year. (Ex. 4, p. 1.) He told Dr. Harrison, Nyrstar's doctor, on February 3, 2015, that he suffered back pain for at least a year. (Ex. 17, p. 9.) He told Dr. Sauter on March 2, 2015, that his back pain started gradually in May 2014, but worsened at work in June 2014, after twisting. (Ex. 5, p. 2.) Mr. Dzielak stated in his May 13, 2015 affidavit that he suffered a significant sharp and shooting pain in the lower right side of his back on October 1, 2014, and that he had experienced back pain on and off the previous months. (Ex. 10, p. 2.)

Mr. Dzielak testified that his job required him to lift screens around, and in doing so on October 1 2014, he noticed the pain mentioned in his affidavit. On October 2, 2014, Mr. Dzielak told Mr. Sherod, his supervisor, about the incident that occurred the previous day, but he declined medical attention. He told Mr. Sherod that he simply wanted to document what had happened. Mr. Sherod allowed Mr. Dzielak to perform light-duty work after he reported the October 1, 2014 incident. Mr. Dzielak also suffered discomfort and pain associated with a gall bladder issue, but he did not inform Nystar about his gall-bladder condition.

Mr. Dzielak often worked for other supervisors. On December 11, 2014, Mr. Dzielak worked for Mr. Van Jahnke. Mr. Van Jahnke asked Mr. Dzielak to shovel an area on top of a machine that day. Mr. Dzielak refused to do so due to pain. On December 22, 2014, Nyrstar disciplined Mr. Dzielak for failing to report his restrictions. (Ex. 2, pp. 1-2.) Mr. Dzielak self-limited his work. No doctor had placed formal restrictions. Nyrstar does not allow an employee to work with non-work related restrictions. It had a rewards program for safety. Nyrstar sent Mr. Dzielak to Dr. Harrison for a fitness of duty examination.

Mr. Dzielak did not mention a specific work incident from October 1, 2014, when he met with Dr. Harrison on December 22, 2014. Instead, Mr. Dzielak discussed a persistent problem eight months in duration. (Ex. 15, p. 1.) Dr. Harrison noted Mr. Dzielak's work aggravated his pain, but related his condition to costochondritis[2] or a possible other pathology. (*Id.*, pp. 7-8.) Dr. Harrison placed work-restrictions on Mr. Dzielak of no shoveling, repetitive twisting, or lifting over thirty pounds. *Id.*, at 9.

Mr. Dzielak underwent gallbladder surgery by his primary care physician (PCP) in December 2014 (Ex. 10, p. 3.). Mr. Dzielak went deep-sea fishing after the surgery and before the surgeon released him to work. (Ex. 16, pp 1-2.) Mr. Dzielak's PCP released

---

[2] Costochondritis is an inflammation in the cartilage that attaches a rib to the sternum.

him to return to work on February 1, 2015. (Ex. 10, p. 3.)

Dr. Harrison re-examined Mr. Dzielak on February 3, 2015, to see if he could return to work. Mr. Dzielak told Dr. Harrison that he had suffered lumbar back pain for some time and that NP Etter had requested an MRI that was soon to be completed. (Ex. 17, p. 8.) Dr. Harrison felt uncomfortable releasing Mr. Dzielak to return to work prior to an orthopedic evaluation. *Id.*, at 9. Dr. Harrison supplied his notes to Nyrstar.

Mr. Dzielak underwent the MRI on February 11, 2015. Dr. John Richardson, the radiologist that interpreted the MRI, opined Mr. Dzielak had, "Degenerative changes contributing to mild narrowing of the central canal as described with congenitally short pedicles also demonstrated. Small midline to right paracentral disk protrusion at the L3-L4 level but without evidence of discrete neural impingement." (Ex. 4, pp. 8-9.)

NP Etter referred Mr. Dzielak to Dr. Sauter following receipt of the MRI report. Dr. Sauter assessed a bulging intervertebral lumbar disc. He recommended conservative treatment with physical therapy. On April 6, 2015, Dr. Sauter wrote on an excuse slip, "Not at 100% capacity. No work until injections." (Ex. 5, pp. 2-5, 7.)

Mr. Dzielak filed a PBD on April 13, 2015, seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation and the Mediation Specialist filed the DCN on May 26, 2015.

### Mr. Dzielak Contentions

Mr. Dzielak contends that he has presented sufficient evidence that he sustained an injury at work to require Nyrstar to provide him a panel of physicians. He told Mr. Sherod about the injury, but declined medical treatment at that time. The information from Dr. Harrison that Nyrstar reviewed was sufficient to provide notice of injury and the need for medical treatment, but Nyrstar denied treatment. Mr. Dzielak is entitled to temporary disability benefits because Dr. Sauter has taken him off work due to his injury.

### Nyrstar's Contentions

Nyrstar contends that Mr. Dzielak failed to provide proper notice of an injury. Mr. Dzielak presented insufficient evidence to prove his injury was acute or cumulative, or that it arose primarily out of and in the course and scope of employment. Mr. Dzielak had a pre-existing lumbar condition and has not presented sufficient evidence to prove an aggravation. Mr. Dzielak may have injured his back away from work while deep-sea fishing or doing other activities. Mr. Dzielak is not entitled to medical or temporary disability benefits.

5

## Findings of Fact and Conclusions of Law

### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

### *Factual Findings*

Nyrstar had a program that rewards employees for working safely. Mr. Dzielak told Mr. Sherod on or around October 2, 2014, that he injured his back at work the day before. Mr. Dzielak told Mr. Sherod that he did not need medical attention. Mr. Sherod did not document Mr. Dzielak's report. Mr. Dzielak had back pain complaints for most of 2014 until present. He also had a non-work related gallbladder issue that caused trunk pain. After the gallbladder surgery, his pain continued. Mr. Dzielak sought medical treatment for his back pain with his own doctors. Dr. Sauter took Mr. Dzielak off work due to his disc protrusion.

### *Application of Law to Facts*

The Workers' Compensation Law defines "injury" and "personal injury" to mean an injury by accident that is acute, a cumulative trauma, or a repetitive motion condition "arising primarily out of and in the course and scope of employment[.]" Tenn. Code Ann. § 50-6-102(13)(A) (2014). An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.] *Id.* An injury "arises primarily out of and in the course and scope of employment" only if it has been shown "by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes. . . ." Tenn. Code Ann. § 50-6-102(13)(B) (2014).

Tennessee Code Annotated section 50-6-201(a)(1) (2014) provides, in pertinent part:

Every injured employee or the injured employee's representative shall,

6

immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury. . . . No compensation shall be payable under this chapter, unless the written notice is given the employer within thirty (30) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

In cases where an employee suffers a gradual or cumulative trauma injury, an employee must provide notice of the injury to the employer within thirty days after the employee knows or reasonably should know the employee has suffered an injury or is unable to work due to the injury. There is no written notice requirement for a gradual or cumulative injury. See Tenn. Code Ann. § 50-6-201(b)(1)and(2) (2014).

The first issue is whether Mr. Dzielak provided adequate notice of an injury to Nyrstar. The Court finds that he did. Mr. Dzielak testified that he told Mr. Sherod on October 2, 2014, of this work injury on or around October 1, 2014. Although Nyrstar filed an affidavit from Mr. Sherod that contradicted Mr. Dzielak's testimony, the affidavit is not as persuasive as Mr. Dzielak's live testimony. The Court also notes that Mr. Sherod only swore that he did not recall Mr. Dzielak reporting an injury to his back at work. Mr. Sherod did not state that Mr. Dzielak did not report an injury to his back at work. The Court finds that Mr. Dzielak told Mr. Sherod he did not need medical treatment at that time.

The Court finds that Mr. Dzielak is a poor historian. Both the written records and his testimony reveal that he struggles to remember dates. He often corrected himself or counsel corrected him concerning events on particular dates. He often generalized his answers and at least once guessed at an answer. However, he has presented sufficient evidence to prove he complained to his supervisor, Phil Sherod, on or around October 2, 2014, about an incident at work that caused him pain.

The Court finds that Mr. Dzielak suffered pain for most of 2014 until present. He had a non-work related gallbladder condition, chest issues, and a back condition. However, once he had the gallbladder surgery, the back pain continued. It appears Mr. Dzielak did not understand, nor could he help the physicians understand, the source of his pain because of his tendency to confuse dates and events, and to generalize conditions.

Mr. Dzielak presented medical evidence that he suffers from a disc protrusion and he provided notice of the condition to Nyrstar. Depending upon the circumstances, an employer's investigation may reveal facts that prompt a denial of the claim at the outset. An employer has the right to deny a claim, after adequate investigation, based upon facts that do not support the occurrence of an injury. *See McCord*, 2015 TN Wrk. Comp. App.

Bd. LEXIS 6, at *10-12. The employee must then come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable injury by accident at a hearing on the merits in accordance with Tennessee Code Annotated section 50-6-239(d)(l).

To prove entitlement to medical benefits, the statute does not require an employee to present medical proof of an injury before the employer is required to provide medical benefits. Rather, the Workers' Compensation Law contemplates that an employer will provide medical care upon receipt of notice of the injury and after the employee has expressed a need for medical treatment, and then, during the course of treatment and examination, the panel doctor will render an opinion on causation. See Tenn. Code Ann. § 50-6-102(13)(2014). *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13.

In this case, however, Mr. Dzielak first told Nyrstar that he did not want medical treatment. According to Tennessee Code Annotated 50-6-204(a)(3)(A)(i) (2014), an employee must "express a need for medical care" before an employer is obligated to provide a panel. Nyrstar's delay in providing the panel was appropriate at that time; however, Mr. Dzielak has now requested medical care. The Court finds that Nyrstar shall provide Mr. Dzielak an appropriate panel of physicians. Mr. Dzielak is not entitled to payment for past medical expenses because he declined medical treatment when he reported his injury.

Nyrstar shall set an appointment with the physician Mr. Dzielak chooses from a panel. Both parties shall supply the chosen doctor with the medical records in its possession for the doctor's consideration. Mr. Dzielak must explain to the doctor his pre-existing back condition, the events of 2014 to the best of his ability, and all of his activities following the alleged injury, including his deep-sea fishing trips. The physician chosen shall render an opinion on causation, whether Mr. Dzielak suffered an acute or gradual injury, and Mr. Dzielak's work status since his last day of work in December 2014.

The Court only addresses issues six and seven at this time. The Court reserves the remaining issues. The Court will consider any remaining issues upon a subsequent request for expedited hearing after Mr. Dzielak selects a physician, visits him/her and obtains an opinion on the issues mentioned in the paragraph above.

Mr. Dzielak has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits on the issue of adequate notice to his employer.

**IT IS, THEREFORE, ORDERED** as follows:

1. Nyrstar or its workers' compensation carrier shall provide Mr. Dzielak with a panel of physicians as required by that statute. The selected physician shall render an opinion on causation based on his examination of Mr. Dzielak and a review of information furnished by the parties. If causation is established as required by statute, medical treatment shall be provided. Medical bills from the panel physician shall be furnished to Nyrstar or its workers' compensation carrier by Mr. Dzielak or medical providers.

2. This matter is set for Initial Hearing on September 16, 2015, at 10:00 a.m.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 28th day of July, 2015.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

9

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Court Clerk may submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory

appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of July, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| J. Taylor, Esq. | | | X | jeff@taylorlawfirmtn.com |
| M. Weaver, Esq. | | | X | Meredith.weaver@leitnerfirm.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**